BLD-219                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3273
_____

EDWARD SCHULSINGER,
Appellant

v.

JOSEPH N. PERCHETTI; PATRICIA MARTIN;
PAUL D.J. ARNETT; FRANK T. STEWART
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-15-cv-05752)
District Judge: Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 24, 2018
Before: RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: May 31, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edward Schulsinger appeals from an order of the United States District Court for the District of New Jersey, which granted the Defendants' motion to dismiss his complaint. As no substantial question is raised by the appeal, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Schulsinger initially filed a lawsuit in state court in New Jersey, arguing that he was improperly removed from the United States Coast Guard Auxiliary. The Defendants then removed the suit to federal court. On the Defendants' motion, the District Court dismissed the complaint without prejudice to Schulsinger filing an amended complaint, as the initial complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure. Schulsinger filed an amended complaint, but the District Court dismissed it with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure, concluding that Schulsinger had "failed to allege any plausible claim." Schulsinger timely appealed.

We have jurisdiction under 28 U.S.C. § 1291and we have plenary review over the District Court's decision to dismiss the complaint under Rule 12(b)(6). Palakovic v. Wetzel, 854 F.3d 209, 219 (3d Cir. 2017). To survive dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. Id. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

2

statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks and alterations omitted).

The District Court discerned four claims in Schulsinger's amended complaint: (1) Defendants redacted documents related to the investigation of Schulsinger's misconduct, which constituted tampering with evidence; (2) Schulsinger's honor was defamed; (3) the Coast Guard Auxiliary failed to use Robert's Rules of Order in the proceedings against him; and (4) Schulsinger was disenrolled even though the Coast Guard Auxiliary Manual states that no auxiliary member may be disenrolled.

We agree with the District Court that Schulsinger's complaint failed to state a claim upon which relief could be granted. We will consider the claims in reverse order. First, as the District Court noted, Schulsinger's final claim is factually incorrect—the Auxiliary Manual explicitly sets forth the procedures for disenrollment of an auxiliary member.[1] Second, we agree that while the Manual refers to Robert's Rules of Order, that reference is a suggestion about how meetings should be run, and does not concern the procedure for disenrolling a member.

---

[1] In deciding a motion to dismiss, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Schulsinger does not dispute the authenticity of the Manual, which is available at https://www.uscg.mil/Our-Organization/Auxiliary/pulbications/default/ (last visited May 17, 2018).

3

The remaining two claims fail, in part, for lack of detail. Schulsinger's complaint does not explain how he was "defamed"—the complaint only states that what was written about him was "extremely hurtful." Nor does the complaint explain what "important information" was redacted from documents, or how such redaction could constitute evidence "tamper[ing]." And even if Schulsinger were once again provided an opportunity to flesh out the details of these claims, the facts do not suggest any plausible federal claim.[2] As the District Court pointed out, "[D]efamation suits against the United States are prohibited." Brumfield v. Sanders, 232 F.3d 376, 382 (3d Cir. 2000); 28 U.S.C. § 2680(h). To the extent Schulsinger suggests that the Defendants are criminally liable for tampering with evidence, a private party has no right to enforce criminal statutes. See Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (per curiam).

We further agree that to the extent Schulsinger was asking the District Court to review the decision to disenroll him under the Administrative Procedures Act, Schulsinger did not demonstrate that the decision was in any way arbitrary or capricious. See 5 U.S.C. § 706(2)(A); Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 305 (3d Cir. 2013).

Because we agree that Schulsinger's complaint failed to plausibly state a claim upon which relief could be granted, we will summarily affirm the District Court's judgment.

---

[2] As noted, the District Court gave Schulsinger an opportunity to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We agree with the District Court that any further amendment would have been futile.

4